UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES FAIRE, et al.,

        Plaintiffs,

  v.

OKANOGAN COUNTY, et al.,

        Defendants.

C20-946 TSZ

ORDER

THIS MATTER comes before the Court on Defendants' Motion to Change Venue to the Eastern District of Washington, docket 16.[1]  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

Plaintiffs' Complaint alleges that "all acts complained of occurred in the Eastern District of Washington."  Complaint, docket 1 at ¶ 2.1.  Venue is proper in the Eastern District of Washington because a majority of Defendants reside there and the acts complained of occurred there.  28 U.S.C. § 1391(b).

---

[1] Defendants also filed the same motion at docket 19 with a different noting date.  That motion is stricken as moot.

ORDER - 1

1       This matter relates to events that occurred in Okanogan County in June 2015. Plaintiffs' claims focus on the arrest and prosecution of James Faire and alleged injuries and damages as a result of those events.  Plaintiffs have sued Okanogan County, its Sheriff, a Deputy Sheriff, and two of its former prosecuting attorneys, for several causes of action under 42 U.S.C. § 1983 for violation of Plaintiffs' rights under the Fourth, Sixth, and the Fourteenth Amendments to the United States Constitution. Complaint, docket no. 1, ¶ 5.1.  The Complaint also alleges malicious prosecution and negligent enforcement practices.  *Id.* at ¶¶ 5.30-5.38.

       The Court has discretion "to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir 2000).  The Court has considered the multiple factors set forth in *Jones* in deciding whether to transfer on grounds of convenience and in the interest of justice.  In addition, the Court has weighed the public interest factors.  *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508-509 (1947).  All the acts occurred in Eastern Washington and most witnesses reside there.  The action has little connection to the Western District and Plaintiffs' chosen forum is entitled to less weight even though Plaintiffs reside in this District.  In addition, trial preparation and the actual trial will focus on the collection of evidence, the defense provided to Mr. Faire, and the prosecution of him in Okanogan County.  The Court concludes that transfer is appropriate.  *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005).

ORDER - 2

1   For the reasons stated in this Order the motion is GRANTED and this case is
2   TRANSFERRED to the Eastern District of Washington.  *See* 28 U.S.C. § 1404(a).  *See*
3   *also Cruz v. Ferry County*, 2020 WL 3872170 (W.D. Wash. July 9, 2020).  The Clerk is
4   directed to TRANSFER this action to the Eastern District of Washington, effective
5   fourteen (14) days after the date of this Order.

6   The Clerk is also directed to send a copy of this Order to all counsel of record.

7   IT IS SO ORDERED.

8   Dated this 3rd day of September, 2020.

*/s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 3